J-A13038-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| THOMAS ZUPKO AND ARLETTE ZUPKO, HIS WIFE | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : : | |
| ESTATE OF ELIZABETH MOLNAR, A/K/A ELIZABETH GATZ, DECEASED, EDWARD D. GATZ, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF ELIZABETH MOLNAR, STEPHEN BARBICH, JOHN MOLNAR, DAVID GATZ, SOPHIE GATZ, PENNSYLVANIA DEPARTMENT OF HUMAN SERVICES F/K/A PENNSYLVANIA DEPARTMENT OF PUBLIC WELFARE,  LACKAWANNA COUNTY TAX CLAIM BUREAU, OLD FORGE BOROUGH, THEIR AND EACH OF THEIR DEVISEES, ASSIGNS AND ANY AND ALL PARTIES CLAIMING RIGHT, TITLE OR INTEREST FROM OR THROUGH THEM | : : : : : : : : : : : : : : : : : : : : : : : | No. 986 MDA 2022 |
| APPEAL OF:  THOMAS M. GATZ | : | |

Appeal from the Order Entered June 14, 2022
In the Court of Common Pleas of Lackawanna County Civil Division at
No(s):  2020-02626

BEFORE:   BOWES, J., LAZARUS, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:     **FILED: SEPTEMBER 6, 2023**

---

* Former Justice specially assigned to the Superior Court.

Thomas M. Gatz, appeals *pro se* from the June 14, 2022 order denying his motion to open and/or strike[1] the October 1, 2021 default judgment entered in favor of Appellees, Thomas Zupko and Arlette Zupko, in this quiet title action. This default judgment permanently enjoined and restrained the Estate of Elizabeth Molnar, a/k/a Elizabeth Gatz, deceased, Edward D. Gatz, individually and as Executor of the Estate of Elizabeth Molnar, Stephen Barbich, John Molnar, David Gatz, Sophia Gatz, Lackawanna County Tax Claim Bureau and Old Forge Borough, their heirs, devisees, assigns and any and all parties claiming right, title or interest from or through them generally (collectively, "Defendants"), from asserting any title, claim or interest in the subject property. After careful review, we affirm.

The trial court summarized the relevant facts and procedural history of this case as follows:

> [Appellees] Thomas Zupko and Arlene Zupko, husband and wife, (hereinafter "Zupko") filed the instant Action to Quiet Title on July 9, 2020 relating to real estate and improvements identified as Lackawanna County Tax Parcel No. 17507-040-005 and more commonly known as 307 Casper Street, Old Forge, PA. [Casper Street was subsequently renamed Keyser Avenue and is also referred to in Old Forge, Pennsylvania as Milwaukee Avenue.] The Quiet Title Complaint alleges Zupko lawfully acquired the property by way of deed of Carol Klein Kaplan, Judith Klein Premselaar, Jonathan Myers and David Myers dated November 9, 1995 and recorded November 17,

_____

[1] Appellant's *pro se* "petition" is styled as a "Motion to Dismiss" the October 1, 2021 default judgment, but the trial court treated it as a motion to open and/or strike. *See* trial court opinion, 6/14/22 at 5.

1995 in the Lackawanna County Recorder of Deeds Office at Deed Book 1528 Page 765 *et seq.*

On January 23, 1961, Elizabeth Molnar a/k/a Elizabeth Gatz, in order to secure the payment of public welfare assistance, executed a certain Financing Statement wherein she pledged a "[t]wo-story, six room frame dwelling house...known as 307 Milwaukee (Keyser) Avenue, Old Forge, PA, located on land owned by Louis Birnbaum[.]"[fn1] The Financing Statement was recorded in the Lackawanna County Recorder of Deeds Office at Mortgage Book 470 Page 261. According to Zupkos' Complaint, in addition to acquiring the subject property in fee by the aforementioned 1995 deed, Zupkos have also adversely possessed the property for approximately twenty-four (24) years.

Following the filing of the Complaint, the Pennsylvania Department of Human Services notified counsel that it does not have a lien on or claim to the subject property. Furthermore, counsel entered stipulations with the Lackawanna County Tax Claim Bureau and Borough of Old Forge wherein they agreed to Entry of Judgment for Zupkos. Counsel for Zupkos obtained a special order of court to serve the remaining Defendants by publication on May 26, 2021. Notice was published on May 28, 2021. Accordingly, on October 1, 2021, [the trial] court entered an order granting default judgment and permanently enjoining and restraining the Defendants from asserting, any title, claim or interest in the subject premises.

On February 16, 2022, [Appellant], an alleged descendant and heir of Elizabeth Molnar a/k/a Elizabeth Gatz, filed a *pro se* Motion to Intervene in the matter as well as a *nunc pro tunc* Motion to Dismiss the court's order of October 1, 2021. In support of his motion, [Appellant] produced for the court's review a Deed dated April 19, 2021 purportedly conveying a property known as 307 Keyser Street, with a Tax Map Number of 17507-040-005, from the Estate of Elizabeth Molnar (by Edward D. Gatz, administrator of said estate), to Thomas M.

> Gatz.[fn2]  Said deed was recorded at the Lackawanna County Recorder of Deeds on June 11, 2021 at Instrument No. 202113101.
>
> [Appellant] alleges in his Motion to Dismiss that he is the sole owner of the subject property as a result of the April 19, 2021 deed.  Furthermore, he contends that Zupkos made no attempts to investigate the current ownership of the property and failed to serve him with notice of their Action to Quiet Title.
>
> [fn1] Notably, the correct owner of the property at that time was Harold Birnbaum, [Zupkos'] predecessor in title.
>
> [fn2] Notably, Elizabeth Molnar died on January 29, 1977.

Trial court opinion, 6/14/22 at 1-3 (footnotes in original).

On May 5, 2022, the trial court held a hearing on Appellant's "motion to dismiss."  Following this hearing, the trial court entered an order and opinion on June 14, 2022 denying Appellant's motion.  Appellant filed a ***pro se*** notice of appeal on July 8, 2022.  The trial court did not direct Appellant to file a concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b).  The trial court filed a Rule 1925(a) opinion on August 30, 2022, adopting the analysis set forth in its prior June 14, 2022 opinion.

Prior to any consideration of the merits of Appellant's appeal, we must first determine whether his brief complies with the Pennsylvania Rule of Appellate Procedure.

It is well settled that parties to an appeal are required to submit briefs in conformity, in all material respects, with the requirements of the Rules of

Appellate Procedure, as nearly as the circumstances of the particular case will admit. Pa.R.A.P. 2101. "This Court may quash or dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure." *In re Ullman*, 995 A.2d 1207, 1211 (Pa.Super. 2010) (citation omitted), *appeal denied*, 20 A.3d 489 (Pa. 2011).

We will not advocate or act as counsel for an appellant who has not substantially complied with our rules. *Bombar v. W. Am. Ins. Co.*, 932 A.2d 78, 93 (Pa.Super. 2007) (citation omitted). Moreover, Appellant's status as a *pro se* litigant does not absolve him from responsibility for compliance with the rules. *See Commonwealth v. Adams*, 882 A.2d 496, 498 (Pa.Super. 2005) (stating, "any person choosing to represent himself in a legal proceeding must ... assume that his lack of expertise and legal training will be his undoing.").

Here, our review reveals that Appellant's *pro se* brief falls well below the standards delineated in our Rules of Appellate Procedure. Preliminarily, we observe that Appellant's brief does not contain a "Statement of Questions Involved," in direct violation of Pa.R.A.P. 2116(a). Appellant's failure to include a statement of the questions involved is particularly troubling as this requirement defines the specific issues this court is being asked to review. *See e.g.*, *Smathers v. Smathers*, 670 A.2d 1159, 1160 (Pa.Super. 1996).

Appellant's brief also does not contain a separate section specifying a statement of jurisdiction; a separate section specifying the order or

determination sought to be reviewed; nor a statement of both the scope of review and the standard of review. **See** Pa.R.A.P. 2111(a)(1), (2), (3). Additionally, Appellant's "Statement of [the] Case" is comprised of only one sentence and is entirely devoid of citation or references to the record in violation of Rules 2119(b) and (c).

The "Argument" section of Appellant's brief is confusing and presents vague, largely conclusory allegations of error as to why the quiet title action should be dismissed. **See** Appellant's brief at 2-11.[2] Most significantly, Appellant's brief fails to include a single citation to any case law or relevant legal authority, nor any meaningful discussion and analysis of prior precedent and how it is applicable to his case, in violation of Rules 2119(a). **See** Pa.R.A.P. 2119(a) (stating that the argument shall include "such discussion and citation of authorities as are deemed pertinent.").

This Court has long recognized that "[t]he failure to develop an adequate argument in an appellate brief may result in waiver of the claim under Pa.R.A.P. 2119." **Milby v. Pote**, 189 A.3d 1065, 1079 (Pa.Super. 2018) (citation, internal quotation marks, and brackets omitted), **appeal denied**, 199 A.3d 340 (Pa. 2018). "[A]rguments which are not appropriately developed are waived." **Egan v. USI Mid-Atl., Inc.**, 92 A.3d 1, 17 (Pa.Super. 2014) (citation omitted). "The Rules of Appellate Procedure state

---

[2] We note that Appellant's brief does not contain pagination. For the ease of our discussion, we have assigned each page a corresponding number.

unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority.  Failure to do so constitutes waiver of the claim." *Giant Food Stores, LLC v. THF Silver Spring Dev., L.P.*, 959 A.2d 438, 444 (Pa. Super. 2008) (citation omitted), *appeal denied*, 972 A.2d 522 (Pa. 2009).

Given the substantial defects in Appellant's brief, we could dismiss his appeal for failure to comply with our Rules of Appellate Procedure.  *In re Ullman*, 995 A.2d at 1211.  Based on our foregoing discussion, we could also find Appellant's claims waived.  *See McEwing v. Lititz Mut. Ins. Co*., 77 A.3d 639, 647 (Pa.Super. 2013) (stating, "where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived.") (citation omitted); *Egan*, 92 A.3d at 17.

However, in light of the fact that this case proceeded to oral argument, we will briefly address the merits of Appellant's cognizable issue on appeal.  As best we can discern from his defective brief, the crux of Appellant's claim is that Appellees made no attempts to investigate the current ownership of the property and failed to properly serve him with notice of their action to quiet title.  Appellant's brief at 2-4.  Thus, Appellant avers that the trial court should have granted his motion to open and/or strike the October 1, 2021 default judgment.  *Id.*  We disagree.

"A petition to strike a judgment and a petition to open a judgment are separate and distinct remedies." *U.S. Bank National Association v. Watters*, 163 A.3d 1019, 1027 (Pa.Super. 2017) (citation omitted), *appeal denied*, 170 A.3d 973 (Pa. 2017). "A petition to open a judgment seeks to re-open a case following a default judgment in order to assert a meritorious defense; a motion to strike a judgment is the remedy sought by one who complains of fatal irregularities appearing on the face of the record." *Id.* at 1027-1028 (citations and internal quotation marks omitted).

Pennsylvania Rule of Civil Procedure 237.3 governs the opening of default judgments and provides, in relevant part, that a court must open the judgment where a party files a petition to open within ten days of its entry. *See* Pa.R.C.P. 237.3(b)(1). However, where a party fails to file a petition to open within ten days after the entry of judgment we apply the following three-prong test:

> [A] default judgment may be opened when the moving party establishes three requirements: (1) a prompt filing of a petition to open the default judgment; (2) a meritorious defense; and (3) a reasonable excuse or explanation for its failure to file a responsive pleading. If a petition to open a default judgment fails to fulfill any one prong of this test, then the petition must be denied.

*U.S. Bank*, 163 A.3d at 1028 (citations and internal quotation marks omitted).

Instantly, the trial court found that Appellees' action to quiet title complied with the Pennsylvania Rules of Civil Procedure and the parties were

properly served by publication. Specifically, the trial court reasoned as follows:

> In the instant matter, [Appellees] filed the Motion for Special Order Directing Service by Publication on May 26, 2021. The motion outlined the extensive efforts made by counsel to effectuate personal service of the Complaint. Attached to the motion were various exhibits, including various failed attempts at service by the Lackawanna County and Berks County Sheriffs' Departments, copies of unclaimed certified mail, and an affidavit signed by counsel for [Appellees] detailing a diligent and exhaustive search of internet databases, assessment records, telephone records, and Freedom of Information Act Requests attempting to locate the heirs of Elizabeth Molnar. The court finds that [Appellees'] counsel's efforts were sufficient under Pa.R.C.P. 430 to warrant service by publication. [Appellees'] counsel published notice on May 28, 2021.

Trial court opinion, 6/14/22 at 5 (citation omitted).

The trial court further held that Appellant's motion to open the default judgment was patently untimely; he provided no meritorious defense in said motion; and he "failed to indicate any reasonable excuse for the delay in filing a response." *Id.* at 6-7.

Following our thorough review, we find that the trial court's conclusions are supported by the record and discern no abuse of its discretion in reaching this decision. Accordingly, for all the foregoing reasons, we affirm the June 14, 2022 order denying Appellant's motion to open the default judgment.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>9/6/2023</u>